Albert Francis MOTT, Jr., Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 16634.

United States Court of Appeals
Sixth Circuit.

June 22, 1966.

Albert Francis Mott, in pro. per.

George I. Cline, U. S. Atty., J. T. Frankenberger, Asst. U. S. Atty., Lexington, Ky., for respondent-appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and MATHES, Senior District Judge.*

PER CURIAM.

This appeal is from the District Court's refusal to set aside, pursuant to 28 U.S.C. § 2255, the judgment and sentence entered upon appellant's plea of guilty to an indictment charging him with armed bank robbery "by the use of a dangerous weapon, to-wit, a pistol", in violation of 18 U.S.C. § 2113(a) and (d).

Appellant asserts seven grounds for his appeal, but only one is worthy of mention here. He points to the fact that opposite the title of the case in the caption, beneath the word "Indictment" and the docket number, appears in parentheses the following citation: "(Title 18, Sec. 2113(a) and (b), USC)", and asserts that he was misled by the miscitation of the statute, thinking that he was pleading guilty to unarmed bank robbery under § 2113(b), rather than armed robbery under § 2113(d). But the record discloses the contrary, and reveals indeed that the trial judge, after first accepting appellant's plea of guilty, learned from appellant and his retained counsel that both were acting under the erroneous belief that appellant was being prosecuted for unarmed bank robbery under § 2113 (b), and thereupon set aside the guilty plea *sua sponte*. The District Court then postponed further proceedings to permit consultation between appellant and his attorney as to the charge of armed robbery under § 2113(d) as alleged in the body of the indictment.

Later in the day, appellant returned into court with his counsel and then tendered his plea of guilty to the armed robbery charge; and the record made upon that second appearance reveals that the trial judge had the clerk again read the indictment to appellant, and meticu-

---

* William C. Mathes, Senior District Judge of the Southern District of California, sitting by designation.

lously pointed out to him that the charge in the indictment was armed bank robbery and, before accepting appellant's plea of guilty, explained to him that the maximum period of imprisonment for that offense was twenty-five years.

It is true, of course, that sub-division (c) of Rule 7 of the Federal Rules of Criminal Procedure provides: "The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." But the very next sentence declares that: "Error in the citation or its omission shall not be ground for * * * reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." [18 U.S.C.A., Rule 7(c).]

The judgment of the District Court is affirmed.